**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DARYL CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-09009 |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

Defendant Ford Motor Company ("Ford"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Ford avers as follows:

1. Plaintiff Daryl Craig filed an action styled *Daryl Craig v. Ford Motor Company,* Case No. 2015-L-009381, in the Circuit Court of Cook County, Illinois.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Ford has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

3. The undersigned counsel is authorized by Ford to file this Notice of Removal and is a member of the Bar of this Court.

4. Pursuant to the rules of this Court, Ford submits herewith a filing fee of $400.

**PROCEDURAL STATEMENT**

5. Ford was served with Plaintiff's Summons and Complaint on September 15, 2015. Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as Exhibit A. To date, no other proceedings have occurred in the Circuit Court of Cook County.

7. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Northern District of Illinois, Eastern Division, is proper because the district and division embrace the Circuit Court of Cook County, where this action is currently pending.

8. Pursuant to 28 U.S.C. § 1446(d), Ford will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County and give written notice of the removal to the Plaintiff.

**DIVERSITY JURISDICTION**

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A. Complete Diversity Exists.**

10. In his Complaint, Plaintiff omitted allegations concerning his residence and citizenship. However, Plaintiff was employed at Ford's Chicago Assembly Plant located in Chicago, Illinois (Complaint at ¶ 3). And, according to personnel records maintained by Ford,

Plaintiff's last known address of record, as of May 2015, is in Chicago, Illinois. *See* Declaration of Catina McCoy at ¶ 3 (Exhibit B). Thus, upon information and belief, Plaintiff is a citizen of Illinois.

11. Ford is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan. *See* Declaration of Gayton at ¶¶ 3 – 4 (Exhibit C).

12. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is a citizen of Delaware and Michigan. Ford is not a citizen of Illinois.

13. Therefore, complete diversity exists. 28 U.S.C. §1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000.**

14. The Seventh Circuit has recently clarified the legal standard concerning the amount in controversy requirement: "unless recovery of an amount exceeding the jurisdictional minimum is **legally impossible**, the case belongs in federal court." *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (emphasis added).

15. Here, the diversity statute's amount in controversy requirement is met because Plaintiff demands judgment "in an amount in excess of Fifty Thousand Dollars" in Count I (Retaliatory Discharge). Complaint at p. 7. Further, Plaintiff has included a separate punitive damages claim – Count II (Retaliatory Discharge–Willful and Wanton) – in which Plaintiff demands an award of punitive damages and seeks judgment "in an amount in excess of Fifty Thousand Dollars." Complaint at p. 15 and ¶ 29; *see also Epstein v. Target Corp.*, 2007 WL 551552, *3 (N.D. Ill. Feb. 15, 2007) (under Illinois law, punitive damages are recoverable for a retaliatory discharge claim).

16. Thus, the total damages demanded are in excess of $100,000 for purposes of determining the amount in controversy. *See Sharp Electronics Corp. v. Copy Plus, Inc.*, 939

F.2d 513, 515 (7th Cir. 1991) ("The Supreme Court has long since determined that '[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.'"); *see also Benson v. Unilever United States, Inc.*, 884 F.Supp.2d 708, 712 (S.D. Ill. 2012) (if plaintiff "pleads a specific amount, it controls, unless recovering that amount would be legally impossible").

17. Additionally, Plaintiff's claims concern the alleged wrongful termination of his employment from Ford in May 2015. Complaint at ¶¶ 22 – 25. Plaintiff claims alleged damages consisting of back pay and front pay, benefits, and alleged emotional distress, humiliation and mental anguish. Complaint at p. 7 and ¶ 25. Plaintiff's last hourly rate of pay at Ford was $28.125. *See* Declaration of Catina McCoy at ¶ 3 (Exhibit B). Given this hourly rate of pay, and his claim for compensatory and punitive damages, it would not be legally impossible for Plaintiff to recover an amount in excess of $75,000 if he prevailed on all claims.

18. Because there exists complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

## 28 U.S.C. § 1445(C) DOES NOT PREVENT REMOVAL

19. Plaintiff claims that Ford terminated his employment in retaliation for, *inter alia*, pursuing his rights under the Illinois Worker's Compensation Act ("IWCA"), in violation of the IWCA and Illinois public policy. *See* Complaint at ¶ 24.

20. Although 28 U.S.C. 1445(c) prevents removal of civil actions arising under the workmen's compensation laws of the State in which it is pending, in the State of Illinois, a claim for workers compensation retaliation is considered to be a tort for wrongful discharge in

violation of Illinois public policy, such that it does <u>not</u> arise under the IWCA. *See, e.g., Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725-26 (7th Cir. 1994) (retaliatory discharge did not arise from Illinois workers compensation law so as to preclude removal); *Good v. Maxim Healthcare Services, Inc.*, 2009 WL 1025086,*2 (S.D. Ill April 16, 2009) (denying motion to remand workers compensation retaliation claim because "the Court is bound by *Spearman*"); *Van Dorn v. Amedisys Illinois, L.L.C.*, 2011 WL 1465574, *2 (S.D. Ill. April 18, 2011) ("While workers' compensation law furnishes the 'public policy' for the tort plaintiff alleges, the claim does not 'arise under' workers' compensation laws, so 28 U.S.C. § 1445(c)'s prohibition of removal does not apply.") (citing *Spearman*).

21. Thus, 28 U.S.C. 1445(c) does not prevent the removal of this action.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Ford respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Cook County, Illinois.

    Respectfully submitted,

    BERKOWITZ OLIVER WILLIAMS
    SHAW & EISENBRANDT LLP

    By: /s/ Timothy S. Millman
        Timothy S. Millman, N.D. Ill. 44398
        2600 Grand Boulevard, Suite 1200
        Kansas City, Missouri 64108
        Telephone: (816) 561-7007
        Facsimile: (816) 561-1888
        Email: tmillman@berkowitzoliver.com

    -and-

        Karen Kies DeGrand, ARDC #6191140
        Donohue Brown Mathewson & Smyth LLC
        140 South Dearborn Street, Suite 800
        Chicago, Illinois 60603
        Telephone:  (312) 422-0910
        Facsimile:   (312) 422-0909
        Email:       karen.degrand@dbmslaw.com

*Attorneys for Defendant Ford Motor Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. On this date, I also mailed a copy to the following:

    Brian J. Graber
    Brian J. Graber, Ltd.
    150 N. Michigan Avenue
    Suite 2800
    Chicago, Illinois 60601

    *Attorneys for Plaintiff*

        /s/ Timothy S. Millman
        *Attorney for Defendant Ford Motor Co.*