| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

No. 2015L009381
CALENDAR/ROOM Q
TIME 00:00
Retaliatory Discharge

DARYL CRAIG,
(Name all parties)
v.

FORD MOTOR COMPANY,

FORD MOTOR COMPANY
C/O CT Corporation System (registered agent)
208 S. LaSalle Street, Suite 814, Chicago, IL 60604

⦿ SUMMONS  ◯ ALIAS SUMMONS
FORD MOTOR COMPANY

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602

◯ District 2 - Skokie           ◯ District 3 - Rolling Meadows      ◯ District 4 - Maywood
  5600 Old Orchard Rd.            2121 Euclid                          1500 Maybrook Ave.
  Skokie, IL 60077                Rolling Meadows, IL 60008            Maywood, IL 60153

◯ District 5 - Bridgeview       ◯ District 6 - Markham              ◯ Child Support
  10220 S. 76th Ave.              16501 S. Kedzie Pkwy.                28 North Clark St., Room 200
  Bridgeview, IL 60455            Markham, IL 60428                    Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 47259
Name: BRIAN J. GRABER, LTD.
Atty. for: Plaintiff, Daryl Craig
Address: 150 N. Michigan Avenue, Suite 2800
City/State/Zip: Chicago, IL 60601
Telephone: (312) 291-4648

WITNESS, DOROTHY BROWN, CLERK OF CIRCUIT COURT

SEP 14 2015

Date of service
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

No. 2015L009381
CALENDAR/ROOM Q
TIME 00:00
Retaliatory Discharg

DARYL CRAIG,

(Name all parties)

v.

FORD MOTOR COMPANY,

FORD MOTOR COMPANY

C/O CT Corporation System (registered agent)

208 S. LaSalle Street, Suite 814, Chicago, IL 60604

⊙ SUMMONS  ○ ALIAS SUMMONS
FORD MOTOR COMPANY

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 47259
Name: BRIAN J. GRABER, LTD.
Atty. for: Plaintiff, Daryl Craig
Address: 150 N. Michigan Avenue, Suite 2800
City/State/Zip: Chicago, IL 60601
Telephone: (312) 291-4648

WITNESS, DOROTHY BROWN, CLERK OF CIRCUIT COURT

SEP 14 2015

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



DIE DATE
10/07/2015

DOC.TYPE: LAW
CASE NUMBER: 15L009381
DEFENDANT
FORD MOTOR COMPANY
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE INF
RM 801 CO C
SYSTEM RA

ATTACHED

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DARYL CRAIG, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FORD MOTOR COMPANY, | ) |
| Defendant. | ) |

2015L009381
CALENDAR/ROOM Q
TIME 00:00
Retaliatory Discharge

JURY TRIAL DEMANDED

## COMPLAINT AT LAW

### COUNT I

### FORD MOTOR COMPANY

### RETALIATORY DISCHARGE

NOW COMES the Plaintiff, DARYL CRAIG, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains of Defendant, FORD MOTOR COMPANY, (hereinafter referred to as "FORD") as follows:

1. At all times mentioned herein, Defendant, FORD MOTOR COMPANY, owned, operated, and controlled an assembly plant located at 12600 S. Torrence, in the City of Chicago, County of Cook and State of Illinois.

2. At all times mentioned herein, Defendant, FORD, was an "employer" as defined by 820 ILCS 305/1(a) by the Illinois Worker's Compensation Act.

3. On or about November 13, 2014, Defendant, FORD, employed Plaintiff, DARYL CRAIG, as trim stock to car position at its assembly plant located at 12600 S. Torrence, in the City of Chicago, County of Cook, and State of Illinois.

1

4. At all times mentioned herein, Plaintiff, DARYL CRAIG, was an employee of the Defendant, FORD, as defined by 820 ILCS 305/1(b) of the Illinois Worker's Compensation Act.

5. At all times mentioned herein, Defendant, FORD, employed Plaintiff, DARYL CRAIG.

6. At al times mentioned herein, Plaintiff, DARYL CRAIG's employment relationship with Defendant, FORD, was subject to Illinois law, including the Illinois Worker's Compensation Act of Illinois, 820 ILCS 305, et seq., and Illinois public policy relating to retaliatory discharge.

7. That on or about November 13, 2014, Plaintiff, DARYL CRAIG, sustained injuries arising out of and in the course of his employment with Defendant, FORD.

8. At all times mentioned herein, Plaintiff, DARYL CRAIG, had a right to seek and receive Section 8(a) medical care and Section 8(b) weekly temporary total disability benefits from the Defendant, FORD, pursuant to Illinois Worker's Compensation Act for his injuries arising out of and in the course of his employment on or about November 13, 2014, as well as any permanent disability resulting from his injuries.

9. Illinois public policy as stated in Section 18 and Section 19 of the Illinois Worker's Compensation Act is to have the Commission decide any disputes over Plaintiff, DARYL CRAIG's medical treatment, expenses, work restrictions, and ability to return to work.

10. That at all times mentioned herein, the public policy of the State of Illinois was as follows:

"It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against as employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act. It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." 820 ILCS 305/4(h).

11. At all times mentioned herein it was a violation of a clearly mandated public policy for Defendant, FORD, to terminate Plaintiff, DARYL CRAIG, for seeking worker's compensation benefits for his job related injury and for his physician imposed work related restrictions.

12. On or about March 10, 2015, and at all times thereafter, Defendant, FORD, acting through its Labor Relations Department, knew Jeff Bevins was becoming increasingly hostile towards Plaintiff, DARYL CRAIG, because of his work related injury and increasing physician imposed work restrictions and would regularly ignore Plaintiff's physician imposed work restrictions making his work related injury worse in a calculated attempt to terminate Plaintiff's employment.

13. At all times mentioned herein, Defendant, FORD, denied Plaintiff, DARYL CRAIG'S claim for worker's compensation benefits, including the surgery recommended by his treating physician as a result of his work related injury occurring on or about November 13, 2014, forcing Plaintiff, DARYL CRAIG, to file a claim for worker's compensation benefits.

3

14. On or about May 4, 2015, as part of an attempt to get Plaintiff, DARYL CRAIG terminated because of his work injury and related physician imposed work restrictions, Defendant, FORD MOTOR COMPANY'S supervisor/process coach, Jeff Bevins, made threats of workplace violence against Plaintiff, DARYL CRAIG, stating, "You have a smart fucking mouth. . . . You know how easily I can break you. . . . You're a bitch, I was in the military for years killing little punks like you. . . . If you only knew what I could do to you. . . We can do this outside. . . ."

15. On or about May 4, 2015, Plaintiff, DARYL CRAIG, reasonably and honestly believed that Defendant, FORD MOTOR COMPANY'S supervisor/process coach, Jeff Bevins, made a threat of workplace violence against him and that his threats of violence violated Illinois criminal law.

16. On or about May 4, 2015, Plaintiff, DARYL CRAIG, went to Defendant, FORD'S Labor Relations Office with his union representative and engaged in protected activity by making a report of workplace violence and threat of physical violence in violation of various Illinois criminal laws to Defendant, FORD'S Labor Relations Representative, Catina McCoy.

17. On or about May 4, 2015, Defendant, FORD, acting through its Labor Relations representative, Catina McCoy, was made aware of Jeff Bevins' threats of workplace violence and threats of physical violence in violation of several Illinois criminal laws directed at Plaintiff, DARYL CRAIG and instructed Plaintiff, DARYL CRAIG, to complete an incident report and turn it in on May 5, 2015, to the Labor Relations Office.

18. On or about May 4, 2015, Plaintiff, DARYL CRAIG, reasonably and honestly believed that Defendant, FORD MOTOR COMPANY'S supervisor/process coach, Jeff Bevins, threats of physical violence violated the following criminal laws:

    a) Assault, 720 ILCS 5/12-1;

    b) Intimidation, 720 ILCS 5/12-6;

    c) Disorderly Conduct, 720 ILCS 5/26-1.

19. On or about May 5, 2015, Plaintiff, DARYL CRAIG, engaged in protected activity by completing an incident report describing what he reasonably and in good faith believed to be workplace violence and threatened physical violence in violation of Illinois criminal law committed by Jeff Bevins and gave the incident report to Defendant, FORD's Labor Relations representative, Catina McCoy.

20. At all times mentioned herein, Illinois has a clearly mandated public policy against terminating an employee for reporting instances of workplace violence based on one or more of the following:

    a) The language of Illinois Constitution demonstrates an overall concern for the safety and well being of Illinois citizens;

        (1) The Preamble acknowledges the formation of a system of government "in order to provide for the health, safety, and welfare of the People." Ill. Const. 1970 Preamble.

        (2) The aim is reiterated in reference to local governments, as house rule powers include the power to regulate "for the protection of the public health, safety, morals and welfare." Ill. Const. Art VII §6(a).

        (3) The Illinois Bill of Rights demonstrates a concern for the physical safety of both individuals and general public in Section 3 (Religious Freedom) and Section 9 (Bail and Habeas Corpus). Ill. Const. Art I §§3, 9.

    b) A number of Illinois statutes have been enacted that demonstrate concern for the safety of Illinois Citizens in the workplace:

  (1) Health Care Workplace Violence Protection Act, 405 ILCS 90/1, et seq.;

  (2) Victim's Economic Security and Safety Act, 820 ILCS 180/5(11);

  (3) Illinois legislature mandated the creation of a modal policy regarding domestic violence and sexual assault awareness in the workplace, 20 ILCS 605/605-550;

  (4) Assault, 720 ILCS 5/12-1;

  (5) Aggravated Assault, 720 ILCS 5/12-2, increasing criminal penalties for assaults committed against certain professionals performing their job duties;

  (6) Battery, 720 ILCS 5/12-3;

  (7) Aggravated Battery, 720 ILCS 5/12-3.05, increasing criminal penalties for batteries committed against certain professionals performing their job duties;

  (8) Intimidation, 720 ILCS 5/12-6, criminal penalties for threatening to inflect physical harm;

  (9) Aggravated Intimidation, 720 ILCS 5/12-6, imposing increasing criminal penalties intimidating certain professionals doing their job duties;

  (10) Disorderly Conduct, 720 ILCS 5/26-1, imposing criminal penalties on persons acting in an unreasonable manner as to alarm or disturb another and provoke a breach of the peace.

 c) Case law demonstrates a clearly mandated public policy against terminating an employee for reporting instances of workplace violence. See Daoust v. Abbott Laboratories, 2007 U.S. Dist. LEXIS 2138 at *9, *12, *13 (N.D. Ill. Jan. 11, 2007).

21. At all times mentioned herein, Illinois has a clearly mandated public policy favoring the exposure of crime or whistle-blowing of a co-worker/supervisor's commission of a crime and against terminating an employee for reporting instances of a

6

co-worker's criminal activity. See Palmaterr v. International Harvester Co., 85 Ill.2d 124 (1981).

22. On or about May 13, 2015, Defendant, FORD, terminated Plaintiff, DARYL CRAIG's employment.

23. On or about May 13, 2015, Defendant, FORD, acting through its human resources supervisor, Catina McCoy, made the decision to terminate Plaintiff, DARYL CRAIG'S employment.

24. Defendant, FORD, terminated Plaintiff, DARYL CRAIG, because of one or more the following reasons in violation of clearly mandated public policies:

   a) Exercising his rights to worker's compensation benefits under the Illinois Worker's Compensation Act, 820 ILCS 305/4(h) and seeking to have Defendant comply with his physician imposed work restrictions;

   b) Reporting what he reasonably and honestly believed was his supervisor/process coach's threatened workplace violence;

   c) Reporting what he reasonably and honestly believed was criminal activity of his supervisor/process coach's threatened physical violence.

25. That as a direct and proximate cause of one or more of Defendant, FORD'S actions, Plaintiff, DARYL CRAIG, suffered damages including, but not limited to emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, injury to character, future pecuniary loss, actual damages, back pay with interest, front pay, and other pecuniary and non-pecuniary damages and other financial considerations and benefits arising out of his employment with Defendant, FORD.

WHEREFORE, Plaintiff, DARYL CRAIG, demands judgment against Defendant, FORD MOTOR COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus any and all allowable litigation costs of this lawsuit.

## COUNT II

## FORD MOTOR COMPANY

## RETALIATORY DISCHARGE

## WILLFUL AND WANTON

NOW COMES the Plaintiff, DARYL CRAIG, by and through his Attorneys, BRIAN J. GRABER, LTD., and complains of Defendant, FORD MOTOR COMPANY, (hereinafter referred to as "FORD") as follows:

1. At all times mentioned herein, Defendant, FORD MOTOR COMPANY, owned, operated, and controlled an assembly plant located at 12600 S. Torrence, in the City of Chicago, County of Cook and State of Illinois.

2. At all times mentioned herein, Defendant, FORD, was an "employer" as defined by 820 ILCS 305/1(a) by the Illinois Worker's Compensation Act.

3. On or about November 13, 2014, Defendant, FORD, employed Plaintiff, DARYL CRAIG, as trim stock to car position at its assembly plant located at 12600 S. Torrence, in the City of Chicago, County of Cook, and State of Illinois.

4. At all times mentioned herein, Plaintiff, DARYL CRAIG, was an employee of the Defendant, FORD, as defined by 820 ILCS 305/1(b) of the Illinois Worker's Compensation Act.

5. At all times mentioned herein, Defendant, FORD, employed Plaintiff, DARYL CRAIG.

6. At al times mentioned herein, Plaintiff, DARYL CRAIG's employment relationship with Defendant, FORD, was subject to Illinois law, including the Illinois

Worker's Compensation Act of Illinois, 820 ILCS 305, et seq., and Illinois public policy relating to retaliatory discharge.

7. That on or about November 13, 2014, Plaintiff, DARYL CRAIG, sustained injuries arising out of and in the course of his employment with Defendant, FORD.

8. At all times mentioned herein, Plaintiff, DARYL CRAIG, had a right to seek and receive Section 8(a) medical care and Section 8(b) weekly temporary total disability benefits from the Defendant, FORD, pursuant to Illinois Worker's Compensation Act for his injuries arising out of and in the course of his employment on or about November 13, 2014, as well as any permanent disability resulting from his injuries.

9. Illinois public policy as stated in Section 18 and Section 19 of the Illinois Worker's Compensation Act is to have the Commission decide any disputes over Plaintiff, DARYL CRAIG's medical treatment, expenses, work restrictions, and ability to return to work.

10. That at all times mentioned herein, the public policy of the State of Illinois was as follows:

> "It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against as employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act. It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." 820 ILCS 305/4(h).

11. At all times mentioned herein it was a violation of a clearly mandated

9

public policy for Defendant, FORD, to willfully and wantonly terminate Plaintiff, DARYL CRAIG, for seeking worker's compensation benefits for his job related injury and for his physician imposed work related restrictions.

12. On or about January of 2015, Defendant, FORD's supervisor/process coach, Jeff Bevins, willfully and wantonly regularly engaged in harassment, verbal abuse, ignoring requests to see a physician for pain related to Plaintiff's work injury, and regularly ignored Plaintiff's physician imposed work related restrictions.

13. At all times mentioned, Defendant, FORD, regularly denied employee's claims for worker's compensation benefits and harassed employees who made claims for worker's compensation benefits.

14. On or about March 3, 2015, Defendant, FORD, acting through its supervisor/process coach, Jeff Bevins, willfully and wantonly became verbally abusive to Plaintiff, DARYL CRAIG, because his physician imposed significant work related restrictions and willfully and wantonly singled Plaintiff out for disciplinary action.

15. On or about March 10, 2015, and at all times thereafter, Defendant, FORD, acting through its Labor Relations Department, knew Jeff Bevins was becoming increasingly hostile towards Plaintiff, DARYL CRAIG, because of his work related injury and increasing physician imposed work restrictions and would regularly and willfully and wantonly ignore Plaintiff's physician imposed work restrictions making his work related injury worse in a calculated attempt to willfully and wantonly terminate Plaintiff's employment.

16. At all times mentioned herein, Defendant, FORD, willfully and wantonly denied Plaintiff, DARYL CRAIG'S claim for worker's compensation benefits, including

the surgery recommended by his treating physician as a result of his work related injury occurring on or about November 13, 2014, forcing Plaintiff, DARYL CRAIG, to file a claim for worker's compensation benefits.

17. On or about May 4, 2015, as part of an attempt to get Plaintiff, DARYL CRAIG terminated because of his work injury and related physician imposed work restrictions, Defendant, FORD MOTOR COMPANY'S supervisor/process coach, Jeff Bevins, willfully and wantonly made threats of workplace violence against Plaintiff, DARYL CRAIG, stating, "You have a smart fucking mouth. . . . You know how easily I can break you. . . . You're a bitch, I was in the military for years killing little punks like you. . . . If you only knew what I could do to you. . . We can do this outside. . . ."

18. On or about May 4, 2015, Plaintiff, DARYL CRAIG, reasonably and honestly believed that Defendant, FORD MOTOR COMPANY'S supervisor/process coach, Jeff Bevins, made threats of workplace violence against him and that his threats of violence violated Illinois criminal law.

19. On or about May 4, 2015, Plaintiff, DARYL CRAIG, went to Defendant, FORD'S Labor Relations Office with his union representative and engaged in protected activity by making a report of workplace violence and threat of physical violence in violation of various Illinois criminal laws to Defendant, FORD'S Labor Relations Representative, Catina McCoy.

20. On or about May 4, 2015, Defendant, FORD, acting through its Labor Relations representative, Catina McCoy, was made aware of Jeff Bevins' threats of workplace violence and threats of physical violence in violation of several Illinois criminal laws directed at Plaintiff, DARYL CRAIG and instructed Plaintiff, DARYL

CRAIG, to complete an incident report and turn it in on May 5, 2015, to the Labor Relations Office.

21. On or about May 4, 2015, Plaintiff, DARYL CRAIG, reasonably and honestly believed that Defendant, FORD MOTOR COMPANY'S supervisor/process coach, Jeff Bevins, threats of physical violence violated the following criminal laws:

    a) Assault, 720 ILCS 5/12-1;

    b) Intimidation, 720 ILCS 5/12-6;

    c) Disorderly Conduct, 720 ILCS 5/26-1.

22. On or about May 5, 2015, Plaintiff, DARYL CRAIG, engaged in protected activity by completing an incident report describing what he reasonably and in good faith believed to be workplace violence and threatened physical violence in violation of Illinois criminal law committed by Jeff Bevins and gave the incident report to Defendant, FORD's Labor Relations representative, Catina McCoy.

23. At all times mentioned herein, Illinois has a clearly mandated public policy against terminating an employee for reporting instances of workplace violence based on one or more of the following:

    a) The language of Illinois Constitution demonstrates an overall concern for the safety and well being of Illinois citizens;

        (1) The Preamble acknowledges the formation of a system of government "in order to provide for the health, safety, and welfare of the People." Ill. Const. 1970 Preamble.

        (2) The aim is reiterated in reference to local governments, as house rule powers include the power to regulate "for the protection of the public health, safety, morals and welfare." Ill. Const. Art VII §6(a).

        (3) The Illinois Bill of Rights demonstrates a concern for the physical safety of both individuals and general public in Section 3 (Religious

Freedom) and Section 9 (Bail and Habeas Corpus). Ill. Const. Art I §§3, 9.

b) A number of Illinois statutes have been enacted that demonstrate concern for the safety of Illinois Citizens in the workplace:

(1) Health Care Workplace Violence Protection Act, 405 ILCS 90/1, et seq.;

(2) Victim's Economic Security and Safety Act, 820 ILCS 180/5(11);

(3) Illinois legislature mandated the creation of a modal policy regarding domestic violence and sexual assault awareness in the workplace, 20 ILCS 605/605-550;

(4) Assault, 720 ILCS 5/12-1;

(5) Aggravated Assault, 720 ILCS 5/12-2, increasing criminal penalties for assaults committed against certain professionals performing their job duties;

(6) Battery, 720 ILCS 5/12-3;

(7) Aggravated Battery, 720 ILCS 5/12-3.05, increasing criminal penalties for batteries committed against certain professionals performing their job duties;

(8) Intimidation, 720 ILCS 5/12-6, criminal penalties for threatening to inflict physical harm;

(9) Aggravated Intimidation, 720 ILCS 5/12-6, imposing increasing criminal penalties intimidating certain professionals doing their job duties;

(10) Disorderly Conduct, 720 ILCS 5/26-1, imposing criminal penalties on persons acting in an unreasonable manner as to alarm or disturb another and provoke a breach of the peace.

c) Case law demonstrates a clearly mandated public policy against terminating an employee for reporting instances of workplace violence. See Daoust v. Abbott Laboratories, 2007 U.S. Dist. LEXIS 2138 at *9, *12, *13 (N.D. Ill. Jan. 11, 2007).

24. At all times mentioned herein, Illinois has a clearly mandated public

policy favoring the exposure of crime or whistle-blowing of a co-worker/supervisor's

commission of a crime and against terminating an employee for reporting instances of a co-worker's criminal activity. See <u>Palmaterr v. International Harvester Co.</u>, 85 Ill.2d 124 (1981).

25. On or about May 13, 2015, Defendant, FORD, terminated Plaintiff, DARYL CRAIG's employment.

26. On or about May 13, 2015, Defendant, FORD, acting through its human resources supervisor, Catina McCoy, made the decision to terminate Plaintiff, DARYL CRAIG'S employment.

27. Defendant, FORD, willfully and wantonly terminated Plaintiff, DARYL CRAIG, because of one or more the following reasons in violation of clearly mandated public policies:

   a) Exercising his rights to worker's compensation benefits under the Illinois Worker's Compensation Act, 820 ILCS 305/4(h) and seeking to have Defendant comply with his physician imposed work restrictions;

   b) Reporting what he reasonably and honestly believed was his supervisor/process coach's threatened workplace violence;

   c) Reporting what he reasonably and honestly believed was criminal activity of his supervisor/process coach's threatened physical violence.

28. That as a direct and proximate cause of one or more of Defendant, FORD'S willful and wanton actions, Plaintiff, DARYL CRAIG, suffered damages including, but not limited to emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, injury to character, future pecuniary loss, actual damages, back pay with interest, front pay, and other pecuniary and non-pecuniary damages and other financial considerations and benefits arising out of his employment with Defendant, FORD.

29. At all times mentioned herein, Defendant, FORD, acted with intentional and reckless disregard for Plaintiff's rights and Plaintiff, DARYL CRAIG seeks an award of punitive damages against Defendant, FORD.

WHEREFORE, Plaintiff, DARYL CRAIG, demands judgment against Defendant, FORD MOTOR COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus any and all allowable litigation costs of this lawsuit.

_____
One of the Attorneys for the Plaintiff, Daryl Craig

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Daryl Craig
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
E-Mail: graberlaw1973@gmail.com
Firm No. 47259

15