**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARYL CRAIG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 9009 |
| | ) | |
| **FORD MOTOR COMPANY**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This Court has just been assigned this action, which was originally filed by Daryl Craig

("Craig") against Ford Motor Company ("Ford") in the Circuit Court of Cook County and was

then brought to this District Court by Ford via removal. Ford asserts that federal jurisdiction is

predicated on diversity of citizenship, and for purposes of this opinion this Court will accept

arguendo Ford's position that the parties' citizenship is indeed diverse and that the combination

of Complaint Count I's assertion that more than $50,000 in compensatory damages is sought,

when coupled with Count II's prayer for punitive damages that also seeks judgment in excess of

$50,000, satisfies the 28 U.S.C. § 1332(a)[1] diversity-case requirement of more than $75,000 as

the amount in controversy.

That said, however, it remains the first duty of this Court to determine the existence or

nonexistence of federal jurisdiction (see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781

F.2d 1280, 1282 (7th Cir. 1986)). <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)

---

[1] All further references to Title 28's provisions will simply take the form "Section --,"
omitting the prefatory "28 U.S.C. §."

(internal citations and quotation marks omitted) is exemplary of the caselaw that states that duty in even stronger terms:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

And lastly for that purpose, in this case it is necessary to consider the prohibition against removal set out in Section 1445(c):

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

Ford seeks to escape that prohibition by pointing to the two-decades-old split decision in Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir. 1994), which distinguished between Workers'-Compensation-Act-based claims under Illinois law and general tort claims that had an asserted workers'-compensation gloss. But this statement by Justice Holmes just over a century ago in The Fair v. v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) remains good law today:

> Of course the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a "suit arising under" . . . [any] law of the United States by his declaration or bill.

And that defeats Ford's attempted reliance on Spearman.

In that respect Craig expressly predicates his claim on this flat-out prohibition in the Illinois Workers' Compensation Act ("Act"), 820 ILCS 305/4(h), quoted in full in Complaint ¶ 10 of each of Counts I and II:

> It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act. It shall be unlawful for any employer,

- 2 -

> individually or through any insurance company or service or adjustment
> company, to discharge or to threaten to discharge, or to refuse to rehire or recall to
> active service in a suitable capacity an employee because of the exercise of his or
> her rights or remedies granted to him or her by this Act.

And all of the assertedly retaliatory acts of which Craig complains are expressly attributed by

him to Ford's denial of his workers' compensation claim and to its directly related defiance of his

physician-imposed work restrictions.

Moreover, the majority opinion in Spearman relied directly on a claimed reconfirmation

of the continued viability of our Court of Appeals' opinion in Lingle v. Norge Div. of Magic

Chef, Inc., 823 F.2d 1031, 1038-39 (7th Cir. 1987) (en banc, and also a split decision),[2] quoting

for that purpose this language from Lingle, id. at 1039 n.9:

> Our view that the tort of retaliatory discharge is not a worker's compensation law
> is supported by the fact that, as a matter of federal law, worker's compensation
> laws provide limited no-fault compensation for an injury; this limit on damages is
> in exchange for the elimination of general tort rules and defenses. The Illinois tort
> of retaliatory discharge lacks, for purposes of § 1445(c), the essential elements of
> a worker's compensation law.

That last sentence's assertion is quite extraordinary, for Lingle had expressly relied for its

holding on the 1978 decision of the Illinois Supreme Court in Kelsay v. Motorola, Inc., 74 Ill.

172, 384 N.E.2d 353 (1978), which was a decision at common law dealing with a time before

1975, when the Illinois General Assembly amended the Act to add what is now the 820 ILCS

305/4(h) prohibition -- and even though Kelsay upheld an award of compensatory damages as a

remedy for pre-1975 retaliatory conduct as a common-law remedy on public policy grounds

while rejecting the jury's award of punitive damages because it was then without precedent, the

---

[2] As Spearman, 16 F.3d at 723 put it, the United States Supreme Court's unanimous
reversal of that decision did not "drain[ ] force" from Lingle because the reversal was on other
grounds and because the Supreme Court "did not mention § 1445(c)."

Illinois Supreme Court went on in <u>Kelsay</u> to hold specifically (after a thoughtful discussion of public policy considerations in that respect) that punitive damages <u>were</u> a permissible remedy in all <u>future</u> cases (<u>id.</u> at 189, 384 N.E.2d at 360):

> We hold that punitive damages may properly be awarded in cases such as the one under consideration for retaliatory discharge subsequent to the date this opinion is filed.

It is therefore totally unsurprising that post-<u>Kelsay</u> Illinois caselaw squarely confirms the availability of punitive damages for retaliatory conduct in violation of the Act (see, e.g., <u>Heldenbrand v. Roadmaster Corp.,</u> upholding a $750,000 punitive damages award).

In summary, this Court holds "that the District Court lacks subject matter jurisdiction" (Section 1447(c)), so that the selfsame statute requires remand of the action to its place of origin, the Circuit Court of Cook County. And because that jurisdictionally-based determination "is not reviewable on appeal or otherwise" (Section 1447(d)), the Clerk of this Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court forthwith so that the state court may proceed with the case.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 14, 2015

- 4 -